J-S04029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW RICHARDSON | : | |
| | : | |
| Appellant | : | No. 1819 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0005490-2014

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 14, 2022**

Andrew Richardson (Appellant) appeals from the judgment of sentence imposed following a second remand from this Court.  ***Commonwealth v. Richardson***, 2707 EDA 2017 (Pa. Super. Dec. 6, 2019) (unpublished memorandum) (***Richardson II***) (remanding for resentencing).  Additionally, Appellant's counsel (Counsel) has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  After careful review, we are constrained to deny Counsel's petition to withdraw, vacate Appellant's March 5, 2020 sentence, and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant is incarcerated because he sexually assaulted his girlfriend's 11-year-old sister. He was arrested on April 1, 2014, and charged with ten crimes related to the assault.

Appellant appeared for trial and jury selection was completed on July 11, 2016. *See* Docket Entry 71. The next day, Appellant was "formally arraigned … on the charges of Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor, and Corruption of Minors and entered a plea of not guilty. Remaining charges [were] Nolle Prossed by the Commonwealth." Docket Entry 72.

Pertinently, Appellant was arraigned on the following three counts:

COUNT 1   18 Pa.C.S.A. § 3123(b)      Involuntary Deviate
                                      Sexual Intercourse with
                                      a Child (IDSIC)

COUNT 2   18 Pa.C.S.A. § 6318(a)(1)   Unlawful Contact with a
                                      Minor – Sexual Offense
                                      (UCM)

COUNT 10  18 Pa.C.S.A. § 6301(a)(1)   Corruption of Minors
                                      (COM)

*See* Trial Disposition and Dismissal Form, 7/19/16, at 1-2.

The following seven counts were *nolle prossed*:

COUNT 3   18 Pa.C.S.A. § 3124.1       Sexual Assault

COUNT 4   18 Pa.C.S.A. § 3123(a)(7)   IDSI Person Less Than
          16 Years of Age

COUNT 5   18 Pa.C.S.A. § 3127(a)      Indecent Exposure

COUNT 6   18 Pa.C.S.A. § 3126(a)(7)   Indecent Assault Person
          Less Than 16 Years of Age

COUNT 7   18 Pa.C.S.A. § 2701(b)(2)   Simple Assault

COUNT 8   18 Pa.C.S.A. § 2705   Recklessly Endangering Another Person

COUNT 9   18 Pa.C.S.A. § 3126(a)(8)   Indecent Assault Person Less than 16 Years of Age

*Id.*

Trial began July 12th and concluded on July 15, 2016, with the jury finding Appellant "guilty on all [three] charges." Docket Entry 91. The jury convicted Appellant of involuntary deviate sexual intercourse with a child (IDSIC), unlawful contact with a minor (UCM), and corruption of minors (COM).[1] The trial court deferred sentencing for the preparation of a presentence investigation report and assessment by the Sexual Offenders Assessment Board. *See* Order, 7/18/16.

On July 24, 2017, the trial court sentenced Appellant to "an aggregate 12½ to 25 years of incarceration to be followed by 10 years of probation" to "commence July 24, 2017." Order of Sentence, 7/24/17. The order specified that the aggregate sentence consisted of the following individual sentences:

COUNT 2   18 Pa.C.S.A. § 6318(a)(1)   UCM   10 – 20 years in prison

COUNT 4   18 Pa.C.S.A. § 3123(a)(7)   IDSIC 10 years of probation "consecutive to the confinement sentences"

---

[1] 18 Pa.C.S.A. §§ 3123(b), 6318, and 6301.

> COUNT 10  18 Pa.C.S.A. § 6301(a)(1)   COM 2½  -  5 years in prison "consecutive to the confinement sentence on Count 2."

*Id.*, *see also* N.T., 7/24/17, at 31-32.

At the hearing, parties and the trial court noted that Appellant had been sentenced and was serving 11½ to 23 months of incarceration on an unrelated robbery conviction.  N.T., 7/24/17, at 30-31.  With respect to the underlying convictions, the trial court stated Appellant would receive "[c]redit for time served."  *Id.* at 32.  However, the sentencing order did not mention credit for time served.  *See* Order of Sentence, 7/24/17.

Appellant filed a direct appeal.  As with this appeal, Appellant's counsel sought to withdraw from representation pursuant to *Anders*, *supra* and *Santiago*, *supra*.  Upon review, we found "significant discrepancies" between the criminal information and the sentencing order.  *Commonwealth v. Richardson*, 2707 EDA 2017, at *13 (Pa. Super. April 8, 2019) (unpublished memorandum) (*Richardson I*).  Recognizing that the discrepancies "potentially indicate . . . illegal sentencing concerns," we explained:

> The Commonwealth charged Appellant under two provisions of the IDSI statute in the criminal information. *See* Criminal Information, 5/22/14, at 1. He was charged with a violation of Section 3123(a)(1) at count 1, and Section 3123(a)(7) at count 4. Subsequently, Count 4 was *nolle prossed* prior to trial. *See* Trial Disposition and Dismissal Form (hereinafter "TDDF"), 7/19/16, at 1. However, the verdict slip indicates that the jury found Appellant guilty of "Involuntary Sexual Deviate Intercourse with a [c]hild under 13," indicating a violation under Section 3123(b). *See* Verdict Report, 7/15/16, at 1 (single page). Moreover, the TDDF indicates that Appellant was convicted at count 1 of a violation of Section 3123(b), where, as noted above, count 1 was listed as a violation of Section 3123(a)(1) in the

- 4 -

criminal information. In the sentencing order, Appellant was sentenced for a violation of Section 3123(a)(7) at count 4, whereas the trial court indicated in the TDDF that count 4 had been *nolle prossed* prior to trial. These discrepancies, which potentially indicate the presence of non-frivolous claims that could have been raised on direct appeal, were not addressed in [the] **Anders** Brief, nor were they addressed in the trial court's Rule 1925(a) opinion.

**Richardson I**, at *13-14 (footnote omitted).  We denied counsel's petition to withdraw, remanded with instructions, and retained jurisdiction.  **Id.** at 16.

On remand, the trial court appointed new counsel, who filed a timely Rule 1925(b) statement.  **See Richardson II**, at *2.  The trial court issued a supplemental Rule 1925(a) statement and the case returned to Superior Court.  We explained:

On remand, the trial court, the Commonwealth, and Appellant reached a consensus that the court erroneously sentenced Appellant at count 4, a charge that had been *nolle prossed* prior to trial. **See** Supplemental Trial Court Opinion (STCO), 7/31/19, at 4; Commonwealth's Post-Remand Brief at 9; Appellant's Post-Remand Brief at 33. The trial court attributes this to a clerical error, and indicates that it intended to sentence Appellant to 10 years' probation at count 1, not count 4. STCO at 4. The Commonwealth agrees, and suggests a limited remand for correction of the sentencing order. Commonwealth's Post-Remand Brief at 9. Appellant argues that we need only vacate the sentence imposed at count 4. Appellant's Post-Remand Brief at 35. He contends that we need not remand for resentencing—ostensibly because vacating the sentence at count 4 does not upset the sentencing scheme below. **Id.** at 33.

The trial court's sentencing scheme clearly would be impacted if we vacated Appellant's sentence at count 4 and took no further action. The trial court sentenced Appellant to 10-20 years' incarceration at count 2 (UCM); to a 2½-5 years' incarceration at count [10] (COM), consecutive to count 2; and to 10 years' probation at count 4, consecutive to the imposed terms of incarceration. Vacating a consecutive term of 10 years' probation

- 5 -

will have a substantial effect on the sentencing scheme by reducing the time which Appellant will be under supervision by 10 years.

Moreover, Appellant concedes that 1) he was also charged with IDSIC at count 1; 2) the trial court instructed the jury on that charge, and 3) the jury convicted him for that offense. *Id.* Yet, Appellant makes no argument disputing the trial court's finding that it intended the sentence imposed at count 4 to be applied at count 1. For these reasons, we reject Appellant's request that we vacate his sentence at count 4 and take no further action.

However, we note that the trial court has acted inconsistently with its contention that the mistake here was merely a clerical error. "It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011). "A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders." ***Id.***; ***see also*** 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Here, the trial court describes the sentence imposed at count 4 as a clerical error, but it provides no indication to this Court that the error has been corrected. As no correction has been made, Appellant's sentence imposed at count 4 remains illegal. If we were to merely vacate Appellant's sentence at count 4, the trial court's overall sentencing scheme will be disrupted. Accordingly, we vacate Appellant's sentence and remand for resentencing.

***Richardson II***, at *2.

Following our second remand, the trial court conducted a sentencing hearing on March 5, 2020, and entered an amended sentence which provided:

<u>COUNT 1</u>    18 Pa.C.S.A. § 3123(b)    IDSIC    10 years of probation "consecutive to" confinement at Count 10

<u>COUNT 2</u>    18 Pa.C.S.A. § 6318(a)(1)    UCM    10 – 20 years of incarceration

- 6 -

COUNT 10  18 Pa.C.S.A. § 6301(a)(1)   COM 2½ - 5 years in prison "consecutive to the confinement sentence on Count 2."

Amended Sentence, 3/5/20.

Appellant did not file a timely appeal. On July 8, 2020, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, requesting to permission to appeal *nunc pro tunc*. The Commonwealth filed a response indicating it did not oppose the request. On August 27, 2020, the PCRA court granted Appellant permission to appeal *nunc pro tunc* and appointed Counsel to represent Appellant. Counsel filed an appeal on Appellant's behalf, and the trial court directed Appellant to file a Rule 1925(b) statement.[2]

On December 29, 2020, Counsel filed a statement consistent with Pa.R.A.P. 1925(c)(4) (in criminal cases, "counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**Santiago** brief in lieu of filing a Statement"). Counsel averred that after "thorough review of the notes of testimony and various court pleadings and documents, counsel now states that there are no non-frivolous issues preserved for appellate review, *i.e.*, direct appeal." Concise Statement, 12/29/20.[3] Because there "were no issues

_____

[2] The trial court granted Counsel's request for extension of time to file the statement.

[3] On January 22, 2021, Appellant submitted a *pro se* motion to this Court, presumably in response to Counsel's December 29, 2020, statement asserting there were no non-frivolous issues for appellate review. In the motion, Appellant asserted that as a result of being resentenced, his "status summary
*(Footnote Continued Next Page)*

- 7 -

raised" in the concise statement, the trial court issued an opinion finding "all issues for appeal have been waived." Trial Court Opinion, 3/16/21, at 2.

On August 3, 2021, Counsel filed the **Anders** brief and petition to withdraw from representation. On August 16, 2021, we issued an order finding Counsel's petition to withdraw deficient, noting Counsel's letter to Appellant "fails to specifically advise Appellant of his right to 'raise any points that the appellant deems worth of the court's attention in addition to the points raised by counsel in the **Anders** brief.'" Order, 8/16/21 (quoting **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014)). We directed Counsel to furnish an amended letter to Appellant advising him of his right to raise additional points with this Court within 14 days. **Id**. Counsel complied with the order.

On September 2, 2021, Appellant filed a *pro se* response in opposition to Counsel's **Anders** brief. Appellant asserts "there are merit[orious] issues." *Pro Se* Response to **Anders** Brief at 15 (numbering corrected). Appellant claims an additional four years "have been added onto the minimum and maximum dates of Appellant's sentence which should have never been added.

_____

from prison records" indicated his minimum and maximum sentence dates were "increased by 4 yrs." Appellant attached two "Sentence Status Summary" documents, dated 2017 and 2020, issued by the Department of Corrections. Because Appellant was represented by Counsel, we forwarded the *pro se* motion to Counsel, with "documents herewith that we received from your client, Andrew Richardson, in the above-captioned matter. This is being forwarded to you, **unfiled**, pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) [(rejecting hybrid representation)]." Letter, 1/22/21 (emphasis added).

And this not only shows a violation of Appellant's right but also a violation of orders from the Superior Court." *Id.* Appellant requests that Counsel "not be granted approval to withdraw from representation." *Id.*

Perhaps unaware of Appellant's *pro se* filing, the Commonwealth, on December 19, 2021, filed a brief expressing agreement with Counsel that "no non frivolous issues can be raised on appeal," and concluding "no appellate relief is due." Commonwealth Brief at 4.

It is well-settled that before being permitted to withdraw from representation, Counsel must satisfy procedural and substantive requirements:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

Here, Counsel's petition to withdraw states he has conducted a careful and thorough review of the record and applicable case law in determining the appeal is frivolous. Petition to Withdraw from Representation, 8/3/21, at ¶ 2. Counsel also filed a copy of the amended letter he sent to Appellant, in which Counsel advised Appellant he could retain private counsel, proceed *pro se* or

raise any additional points Appellant deems worthy of this Court's attention. Amended Letter, 8/30/21. Counsel attached a copy of the *Anders* brief to his letter. Thus, Counsel satisfied the procedural mandates for withdrawal.

With respect to substantive requirements, an *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (citing *Santiago*, 978 A.2d at 361)). If Counsel has satisfied the above requirements, it is this Court's duty to conduct review to determine whether there are any non-frivolous issues the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel's *Anders* brief includes the history and facts of the case, references facts supporting Appellant's appeal, sets forth Counsel's conclusion that the appeal has no merit, and includes Counsel's reasoning for his conclusion. *See Anders* Brief at 4-7. Counsel has complied with the procedural and substantive requirements of *Anders* and *Santiago*.

In the *Anders* brief, Counsel examines whether the trial court imposed an illegal sentence. Counsel relates that the trial court resentenced Appellant on March 5, 2020, correcting the error previously identified by this Court. *Anders* Brief at 20; *see also Richardson II*. Counsel avers the "sentencing

- 10 -

scheme for the aggregate sentence imposed on March 5, 2020, is exactly the same as the sentencing scheme for the aggregate sentence imposed on July 24, 2017." *Id.* Counsel thus concludes that "there are no non-frivolous issues preserved for appeal." *Id.*

As discussed above, Appellant disputes Counsel's conclusion that his sentencing claim is frivolous and lacks merit. Although Appellant did not specifically identify time credit and the calculation of his sentence with the trial court, challenges to the legality of a sentence cannot be waived. *See Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004) ("An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived."). "Issues concerning the legality of a sentence are questions of law; our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Alston*, 212 A.3d 526, 528 (Pa. Super. 2019).

The Sentencing Code provides:

(1) Credit against the maximum term and any minimum term **shall be given** to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit **shall include** credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). Thus, "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is

- 11 -

imposed." ***Commonwealth v. Infante***, 63 A.3d 358, 367 (Pa. Super. 2013) (citation omitted).

As noted, the trial court at the first sentencing hearing stated that Appellant was to receive "[c]redit for time served." N.T., 7/24/17, at 32. At the second resentencing hearing, there was no discussion or mention of time credit or recalculation of the amended sentence. ***See generally*** N.T., 3/5/20; Amended Sentencing Order, 3/5/20. Also, the record contains DC-300B Court Commitment Forms, which state Appellant is to receive "0 days" credit for time served. ***See*** Court Commitment Form, 7/24/17, at 1, 3; Court Commitment Form (Corrected), 3/5/20, at 1, 3. At this juncture, it bears repeating that Appellant appears to have been incarcerated since his arrest on April 1, 2014. Further, Appellant's sentence in this case **may** be impacted by unrelated sentence(s), given the brief discussion at the first sentencing hearing regarding Appellant's incarceration for a robbery conviction. ***See*** N.T., 7/24/17, at 30-31. Accordingly, we are constrained to vacate Appellant's sentence and remand for resentencing.

We recognize that when an ***Anders*** brief has been filed and we disagree with counsel's conclusion that the appeal is frivolous, we may remand for the filing of an advocate's brief. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). However, under the circumstances, we decline to direct the filing of an advocate's brief on remand. Rather, the trial court shall conduct a third sentencing hearing and impose a sentence consistent with this

decision. ***See Commonwealth v. Hankerson***, 118 A.3d 415, 421-22 (Pa. Super. 2015) (vacating an illegal sentence and remanding for resentencing without ordering the filing of an advocate's brief).

Counsel's petition to withdraw denied. Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2022